UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

NIC HOLDING CORP.,

                      Plaintiff,

  - v. -

LUKOIL PAN AMERICAS,

                      Defendant.

------------------------------------------------------- X

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/14/09
```

05-CV-09372(MEA)

## MEMORANDUM OPINION AND ORDER

### MARVIN E. ASPEN, U.S.D.J.:

Plaintiff NIC Holding Corp. ("NIC") filed this lawsuit on November 4, 2005, alleging

that Defendant Lukoil Pan Americas ("Lukoil") breached the parties' contract by failing to timely

deliver the shipment of gasoline at issue. Lukoil filed a counterclaim based on NIC's allegedly

wrongful cancellation of the contract. Lukoil seeks damages for the difference between the price

NIC had agreed to pay for the gasoline and the price paid by Lukoil's ultimate customer, George

E. Warren ("GEW"), plus additional freight and demurrage costs.

Presently before us are several motions *in limine*, including: (1) NIC's motion *in limine*

seeking to preclude Lukoil from introducing evidence at trial concerning alleged damages in

connection with its counterclaim against NIC; (3) Lukoil's motion *in limine* seeking to exclude

the testimony of NIC's expert, Jack Berg; and (3) Lukoil's motion *in limine* asking that we

preclude NIC from offering certain deposition testimony of Marc Copple, a former Lukoil

employee. For the reasons set forth below, we deny NIC's motion regarding Lukoil damages

(Dkt. No. 91) and Lukoil's motion regarding the additional deposition testimony of Marc Copple

(Dkt. No. 88). We grant Lukoil's remaining motion and thus bar Jack Berg's expert testimony

(Dkt No. 86).

## STANDARD

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176-77 (S.D.N.Y. 2008) (*citing Luce v. Unites States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 463 (1984)). "The purpose of an *in limine* motion is to aid the trial process by enabling the [c]ourt to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation omitted); *see also Ventura Assocs., Inc. v. Int'l Outsourcing Servs., Inc.*, No. 04-C-5962 & 04-C-10250, 2009 WL 691066, at *1 (S.D.N.Y. Mar. 17, 2009). Because a ruling on a motion *in limine* is "subject to change as the case unfolds," this ruling constitutes a preliminary determination in preparation for trial. *Palmieri*, 88 F.3d at 139 (*quoting Luce*, 469 U.S. at 41, 105 S. Ct. at 163).

## DISCUSSION

### A.    NIC's Motion regarding Lukoil Damages

NIC essentially contends that Lukoil cannot present evidence concerning its damages resulting from NIC's alleged wrongful cancellation of the contract because Lukoil, in fact, suffered no damages. (Damages Mem. at 4-9.) NIC acknowledges that Lukoil's undisclosed principal, Lukoil International Trading & Supply Company ("LITASCO"), incurred damages because GEW paid a lower purchase price for the gasoline than NIC would have paid under its contract, but insists that Lukoil was not injured by any NIC breach. (Damages Mem. at 1-8.) Relatedly, NIC argues that Lukoil acted as a principal in its contract with NIC, and not as

-2-

LITASCO's agent. (Damages Mem. at 9-10.) Finally, NIC asserts that, "[e]ven if Lukoil was acting as the agent of LITASCO . . . Lukoil cannot introduce evidence of LITASCO's damages during trial since it foreclosed almost all discovery into LITASCO." (Damages Mem. at 10.)

As both parties acknowledge, NIC presented two of these three arguments in its earlier summary judgment motion. (Damages Mem. at 1 n.1; Damages Opp. at 2.) Having reviewed the parties' submissions on that motion, we confirm that NIC previously raised the first two issues identified above at the summary judgment stage. (*See* Mot. for Summ. J. at 34-35; Damages Reply at 10.) Judge Kaplan, however, already denied these substantive arguments in his opinion on the summary judgment motion. (9/10/08 Order, Dkt. No. 81.) Although NIC suggests that "Judge Kaplan did not rule on this aspect" of its motion, we simply cannot agree. (Damages Mem. at 1 n.1.) Judge Kaplan may not have referred to each of NIC's argument in his opinion but he plainly denied the motion for summary judgment, with one narrow exception. (9/10/08 Order, Dkt. No. 81 ("[P]laintiff's motion for summary judgment is denied, save that the Court determines . . . that the warranty provision pertaining to compliance with applicable security regulations was part of the parties' contract and that it warranted that the vessel would have an ICB.").) Under the circumstances, we will not indulge NIC's efforts to revive its unsuccessful summary judgment arguments. *See, e.g., Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94-C-5220, 1998 WL 665138, at *10 (S.D.N.Y. Sept. 25, 1998) (denying motion *in limine* where plaintiff's arguments regarding defendant's lost profits were "largely re-hashes of arguments made in its earlier summary judgment motion and rejected . . . because of fact disputes."); *U.S. Underwriters Ins. Co. v. Falcon Constr. Corp.*, No. 02-C-4182, 2006 WL 3146422, at *2-3 (S.D.N.Y. Oct. 30, 2006) (denying motion *in limine* where party's argument was "an improper

-3-

attempt to relitigate an issue that [the court] previously decided in her opinion denying

[defendant's] prior motion for summary judgment"); *Rattigan v. Commodore Int'l Ltd.*, No. 87-

C-2729, 1989 WL 151678, at \*5 (S.D.N.Y. Dec. 8, 1989) (noting that plaintiff "has filed a

motion for summary judgment in the guise of a motion *in limine*" despite the court's "previous

denial of summary judgment motions to dismiss defendant's counterclaims" and denying request

to preclude evidence based on defendant's failure to state a claim); *see also Hein v. Cuprum,*

*S.A.*, No. 99-C-1360, 2002 WL 34453309, at \*1 (S.D.N.Y. Jan. 23, 2002) (denying motions *in*

*limine* concerning expert witness where defendant had pressed the same arguments in a prior

summary judgment motion).

NIC contends that its arguments on the present motion differ from its summary judgment

arguments because it presently focuses on the admissability of Lukoil's damages evidence.

(Damages Reply at 2-3.) NIC states that "the evidence Lukoil intends to present at trial should

be excluded because Lukoil cannot prove any damages and, thus, the evidence would be both

irrelevant and confusing." (Damages Reply at 3 (emphasis in original).) Lukoil represents that,

to prove its alleged damages, it will rely on: (1) the NIC-Lukoil sales contract (identified as

Exhibit E in the Pre-Trial Order); (2) the Lukoil-GEW resale contract (identified as Exhibit R);

(3) Stipulations of Fact Nos. 16 and 45; and (4) the trial testimony of the trader for both

transactions, Paul Hawkins.[1]  (Damages Opp. at 45.)  NIC has not argued that these pieces of

evidence should be barred as hearsay or for some other procedural reason, but reiterates that

---

[1] Although NIC seeks to exclude Lukoil's Rule 26(a) disclosures and Paul Hawkins'
notes, Lukoil has indicated that it will not be submitting these documents as evidence at trial.
(Damages Opp. at 4-5; Damages Reply at 7.)  In addition, and as NIC asserts, Lukoil has
apparently dropped its claims for demurrage and freight charges, and no evidence in support
thereof shall be permitted.  (Damages Reply at 6.)

-4-

"[t]here simply is not admissible evidence that legally recoverable damages were incurred by either Lukoil or LITASCO." (Damages Reply at 7; *see also* Damages Mem. at 1, 10-11; Damages Reply at 6.) Nonetheless, the only way we can find that the evidence is irrelevant and confusing is if we conclude that Lukoil is not entitled to damages on its counterclaim – precisely the argument already rejected by Judge Kaplan. Accordingly, NIC's motion *in limine* to preclude Lukoil's evidence of damages is denied.

## B. Lukoil's Motion regarding Jack Berg

We next turn to Lukoil's motion *in limine* to exclude the testimony of NIC's expert, Jack Berg. Lukoil argues that NIC tendered Berg solely as a rebuttal expert to Lukoil's own expert, Dominic DiPiero, and that because it will not be calling DiPiero, NIC should be prevented from using Berg's testimony. NIC disagrees with Lukoil's characterization of Berg as solely a rebuttal expert, pointing to the Scope of the Report section of Berg's expert report. (Berg Opp. at 1; Sullivan Decl., Ex. B, Berg Report, at 1.) NIC further argues that even if Berg was initially labeled as a rebuttal expert, it can still use his testimony in its case-in-chief because Lukoil did not object when NIC listed Berg as a witness in the original pre-trial order and because the case law allows rebuttal experts to be called in the party's case-in-chief. (Berg Opp. at 2, 4.)

In September 2006, NIC moved to exclude portions of DiPiero's expert report, arguing in part that DiPiero was offered as a rebuttal expert to Andrew Lipow, one of NIC's own experts, and parts of his report were not responsive to Lipow's. (Dkt. No. 21, Jacobson Decl. 9/5/06, ¶¶ 8-9.) After a telephone conference with the parties, instead of excluding portions of DiPiero's report, Magistrate Judge Maas allowed NIC to call a rebuttal expert to the non-responsive portions of DiPiero's report. (Berg Mot., Jacobson Decl. ¶ 5 & Ex. 1, 9/19/2006 Order ¶ 1.)

Accordingly, Judge Maas granted NIC special permission to tender Berg's expert testimony "concerning any issues raised in Mr. DiPiero's expert report which were not fully addressed in Mr. Lipow's report." (*Id.*) Although NIC argues that Berg was never intended to be solely a rebuttal witness, Judge Maas's order indicates that was the purpose of permitting NIC to tender him as an expert at that late date. Moreover, we recognize that Judge Maas found that Berg qualified as an expert in his opinion on Lukoil's motion to preclude Berg's testimony. (5/16/07 Order, Dkt. No. 49.) However, that Order simply went to whether or not Berg qualified as an expert, not, as NIC suggests, to whether he could be used as an expert in NIC's case-in-chief, rather than as a rebuttal expert. Nothing in Judge Maas's Order indicated that he was allowing NIC to use Berg's testimony in a broader manner than previously indicated in his September 19, 2006 Order.

The case law regarding the use of a rebuttal expert in the party's case-in-chief is paradoxical. Cases dealing with this question before Federal Rule of Civil Procedure 26 was amended to distinguish between rebuttal and regular experts tended to conclude that when the parties' discovery plans did not define "rebuttal expert," the fact that the parties labeled an expert as a rebuttal expert "during the discovery process [did] not preclude Plaintiffs from using it in their case-in-chief at trial." *Bowers v. N. Telecom, Inc.*, 905 F. Supp. 1004, 1008 (N.D. Fla. 1995); *see also Callahan v. A.E.V., Inc.*, 182 F.3d 237, 259 (3d Cir. 1999) ("The Federal Rules of Civil Procedure, and Rule 26(a)(2) governing the disclosure and discovery of expert witnesses in particular, make no distinction between the permissible uses of 'regular' experts and 'rebuttal' experts.") Although at least one case since the amendment to Rule 26 distinguishing between rebuttal and regular experts has applied this case law to allow the use of a rebuttal expert in the

party's case-in-chief, *Flint Hills Res. LP v. Lovegreen Turbine Svcs.*, No. 04-C-4699, 2008 WL 4527816, \*7 (D. Minn. Sept. 29, 2008), we do not find its reasoning persuasive. Rather, we agree with the court in *Johnson v. Grays Harbor Cmty. Hosp.*, No. 06-C-5502, 2007 WL 4510313 (W.D. Wash. Dec. 18, 2007.) In that case, the court held that "[u]ntil and unless Defendants' experts testify, Plaintiff's experts will be unable, as a practical matter, to offer true 'rebuttal' testimony. Therefore, Plaintiff's rebuttal experts will be allowed to testify at trial only *after* Defendants' experts have testified." *Id.* at \*2.

We recognize that Lukoil had the opportunity to depose Berg and tender its own expert in rebuttal to Berg's export report. However, those facts do not change Judge Maas's Order allowing NIC to tender Berg as a rebuttal expert. We also recognize that NIC included Berg on its list of witnesses in the original pre-trial order in this case. NIC argues that Lukoil's failure to object to its designation of Berg as a witness in the pre-trial order prevents him from objecting now. According to Judge Kaplan's instructions for pre-trial orders, the witnesses included in the pre-trial order are those that the party "intends to call on its case in chief." (Jacobson Decl., Ex. 2, at 8.) However, unlike the section for objections to proposed exhibits, there is no section for objecting to proposed witnesses in the pre-trial order. Accordingly, we disagree with NIC that Lukoil waived any objections by not objecting sooner. NIC attempts to argue that the holding in *Eastman Kodak Co. v. Agfa-Gevaert N.C.*, 560 F. Supp. 2d 227, 310 (W.D.N.Y. 2008), that "designated testimony is automatically admitted into evidence, subject to objection by the other party," requires us to admit Berg's testimony here because Lukoil did not object. As previously discussed, the standard pre-trial order form has a section for objecting to exhibits, which includes designated testimony in the form of depositions. There is no similar section to object to

-7-

proposed witnesses. Accordingly, *Eastman Kodak* is inapposite to the issue at hand.

Because Judge Maas only allowed NIC to tender Berg as an expert in rebuttal to DiPiero's testimony and Lukoil is not going to use DiPiero's testimony, we conclude that NIC may not use Berg's testimony. Therefore, we grant Lukoil's motion *in limine* to preclude NIC from offering Berg's testimony.

## C.    Lukoil's Motion regarding Marc Copple

Finally, we address Lukoil's motion *in limine* to strike NIC's additional deposition designations of Marc Copple, which were not included in the original pre-trial order but were added to the revised pre-trial order submitted March 30, 2009. Lukoil argues that NIC does not have a proper basis to amend the pre-trial order by including additional deposition designations. (Sullivan Decl. ¶ 3.) Without citing any case law or Federal Rules of Civil Procedure or Evidence, Lukoil contends that NIC is simply attempting "to add testimony that it apparently overlooked at the time of the submission of the original pretrial order." (*Id.* ¶ 4.) NIC argues, however, that when the parties filed the original pre-trial order, Copple was still a Lukoil employee and therefore NIC's use of his deposition testimony was limited only to statements that could be considered admissions by a party opponent pursuant to Federal Rule of Evidence 801(d)(2). (Copple Opp. at 3.) However, since the parties filed the original pre-trial order, Copple has left his employment with Lukoil and has moved from the Northeast. Therefore, NIC argues that it is now permitted under Federal Rule of Civil Procedure 32(a)(1) to use additional statements made by Copple in his deposition. (*Id.* at 2).

Rule 32 governs the use of depositions in court proceedings. Specifically, it permits the use of depositions against a party when (a) "the party was present or represented at the taking of

-8-

the deposition or had reasonable notice of it;" (b) its use is admissible under the Federal Rules of Evidence if the deponent were testifying; and (c) its use is permitted by Rule 32(a)(2) through (8). Fed. R. Civ. P. 32(a). Pursuant to Rule 32(a)(4), "[a] party may use for any purpose the deposition of a witness . . . if the court finds: . . . (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition." Accordingly, NIC argues that because Copple is now unavailable under Rule 32(a)(4), it may use additional portions of his deposition than it would have been permitted to use when the parties filed the first pre-trial order. Because NIC has presented a legitimate argument as to why it did not include the additional designations in the original pre-trial order, we disagree with Lukoil's characterization that NIC is attempting to add the designations because it "overlooked" them when the first order was due. Moreover, Lukoil has not presented any additional reason for excluding the additional designations. Therefore, we deny its motion *in limine* to strike the additional deposition designations of Marc Copple.

-9-

## CONCLUSION

As stated above, we deny NIC's motion regarding Lukoil damages (Dkt. No. 91) and

Lukoil's motion regarding the additional deposition testimony of Marc Copple (Dkt. No. 88).

We grant Lukoil's motion *in limine* as to Jack Berg's expert testimony (Dkt No. 86). It is so

ordered.

Honorable Marvin E. Aspen
United States District Judge

Date: April 14, 2009